CLERK'S ... COURT
AT ... 
JUL ...
JULIA ...
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT EDWARD LEE SHELL,** | CASE NO. 7:14CV00344 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| **COMMONWEALTH OF VIRGINIA,** | By: Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Robert Edward Lee Shell, a Virginia inmate proceeding pro se, has submitted a pleading styled as a "PETITION FOR APPEAL," challenging the validity of a December 2013 ruling by the Supreme Court of Virginia.[1] Because Shell's claims allege that certain state court factual errors caused the wrongful denial of post-conviction relief from his state court conviction,[2] the court construed and filed his submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his current confinement.

Shell was convicted in 2007 in the Circuit Court of the City of Radford of involuntary manslaughter and other offenses related to the death of Marion Franklin. The Court sentenced Shell to a total of 32 years and six months in prison. Shell's convictions and sentences were upheld on direct appeal and in habeas corpus proceedings in the Virginia courts. Shell then filed

---

[1] The heading of Shell's submission states: "IN THE UNITED STATES DISTRICT COURT FOR THE FOURTH CIRCUIT." Shell may have intended to appeal to the United States Court of Appeals for the Fourth Circuit, seeking review of the Supreme Court of Virginia's ruling, and merely misstated the name of the court. He is advised, however, that the United States Supreme Court is the only federal court in which state court litigants may seek review of decisions by the highest state courts. See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Because such petitions must be filed within 90 days from the date of the judgment under challenge, the court will not construe Shell's submission as an attempted certiorari petition.

[2] Specifically, Shell alleges that the Court of Appeals of Virginia made false statements of facts in denying his criminal appeal in 2008; that the Court of Appeals wrongfully denied his post-conviction lawsuit seeking to correct these factual errors; that the Supreme Court of Virginia wrongfully dismissed his appeal in that post-conviction case on procedural grounds, without liberally construing his pro se pleadings; and that these errors were critical in this court's 2012 denial of habeas corpus relief under 28 U.S.C. § 2254.

a § 2254 petition in this court, which was denied by opinion and order entered September 27, 2012. Shell v. Clarke, No. 7;11CV00363, 2012 WL 4470425 (W.D. Va. 2012), appeal dism'd, 516 F..App'x 254 (4th Cir.), cert. denied, 134 S. Ct. 342 (2013).

Liberally construed, Shell's current claims allege that he is confined in violation of his federal constitutional rights because this court relied on factual errors by the state courts. As stated, Shell has already pursued relief under § 2254 in this court and, in fact, raised claims similar to his current complaints. Thus, his current submission is properly construed as a second or subsequent § 2254 petition, falling under the prohibition in 28 U.S.C. § 2244(b) against second or successive petitions.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b). Because Shell has not obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 17th day of July, 2014.

*[signature]*

Chief United States District Judge